1  Paul R. Kiesel, Esq. (SBN 119854)
   E-mail: kiesel@kbla.com
2  Steven D. Archer, Esq. (SBN 63834)
   E-mail: archer@kbla.com
3  **KIESEL, BOUCHER LARSON LLP**
   8648 Wilshire Blvd.
4  Beverly Hills, CA 90211
   Telephone: (310) 854-4444
5  Facsimile: (310) 854-0812

6  **BONI & ZACK LLC**
   Michael J. Boni
7  Joshua D. Snyder
   15 St. Asaphs Road
8  Bala Cynwyd, PA 19004
   Telephone: (610) 822-0200
9  Facsimile: (610) 822-0206
   E-mail: mboni@bonizack.com
10 E-mail: jsnyder@bonizack.com

11 **SALTZ MONGELUZZI BARRETT & BENDESKY, P.C.**
   Simon B. Paris
12 Patrick Howard
   One Liberty Place, 52nd Floor
13 1650 Market Street
   Philadelphia, Pennsylvania 19103
14 Telephone: (215) 575.3986
   Facsimile: (215) 496-0999
15 E-mail: sparis@smbb.com

16 *Attorneys for Plaintiffs*

17              UNITED STATES DISTRICT COURT

18          FOR THE CENTRAL DISTRICT OF CALIFORNIA

19

20 Frances Healey, individually and on      No. **SACV11-00240** DOC (RNB)
   behalf of all others similarly situated,
21                                          **CLASS ACTION COMPLAINT**
             Plaintiff,                     **FOR:**
22                                          **(1) VIOLATIONS OF CAL. BUS. &**
             vs.                                **PROF. CODE § 17200,** *et seq.*
23                                          **(2) VIOLATIONS OF CAL. BUS. &**
                                                **PROF. CODE § 17500,** *et seq.*
24 Galeos, LLC, Galeos, Inc., Andres       **(3) BREACH OF EXPRESS**
   Leontieff and Gordana Samardzic,             **WARRANTY**
25                                          **(4) NEGLIGENT**
             Defendants.                        **MISREPRESENTATION**
26

27

28                                          **DEMAND FOR JURY TRIAL**

                              COMPLAINT

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action on behalf of herself and a proposed class of other persons who purchased Defendants' salad dressing, the nutritional values of which Defendants have materially mislabeled.

2.     Since 1997, Galeos, LLC and Galeos, Inc. (together "Galeos") have manufactured, advertised, and sold miso based salad dressings as purported healthy alternatives to competing salad dressings. Defendants' packaging, promotional materials, advertising campaign on (among other things) the television show "The Biggest Loser," and website (www.galeoscafe.com), all falsely portray their salad dressings as low-fat and low-calorie. Measured by any standard, Defendants' salad dressings are neither low-fat nor low-calorie food products.

3.     An arm of America Online known as "Consumer Ally" commissioned independent laboratory testing and established that Defendants' salad dressings are neither low in fat nor low in calories, and that three critical nutritional values are significantly misstated. With respect to Galeos Miso Caesar Dressing, for instance, the labeling states that the dressing contains 14 calories, 1 gram of fat, and 56 milligrams of sodium per tablespoon. The true values are 60 calories, 5.5 grams of fat and 195 mgs of sodium per tablespoon. Defendants' bogus labeling and advertising are thus understated by 430% for calories, 550% for fat, and 350% for sodium content.

4.     In addition, Defendants' labeling and advertising are false and deceptive in that they identify the serving size as one tablespoon. Federal law mandates that the serving size of salad dressings be labeled as two tablespoons. This means that Defendants' Miso Caesar Dressing packaging actually contains 120 calories, 11 grams of fat, and 390 mgs of sodium per true serving.

5.     Defendants know full well that their target customer base is highly sensitive to the nutritional values of salad dressings. Defendants understand that the number of calories, fat content and sodium levels are critically important for weight

1

conscious, salad eating customers. Defendants' decision to materially understate such nutritional values is all the more egregious given such a vulnerable target customer base.

6. As a result of Defendants' unlawful conduct, Plaintiff brings this action for violation of sections 17200 and 17500 of the California Business and Professions Code, breach of express warranty and negligent misrepresentation.

## JURISDICTION AND VENUE

7. Plaintiff claims class wide damages in excess of $5,000,000. This Court has jurisdiction over these claims under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A). The Court also has jurisdiction under 28 U.S.C. § 1332(a)(1).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants reside, transact business and/or are found in this District and a substantial portion of the events giving rise to Plaintiff's claims arose in this District. Moreover, Defendants' salad dressings are sold in this District.

## PARTIES

9. Plaintiff Frances Healey is a citizen and resident of the State of New Mexico. During the Class Period, Ms. Healey purchased and consumed Defendants' salad dressings (collectively "Galeos Salad Dressings").

10. Defendant Galeos, LLC is a limited liability company organized under the laws of the California, with its principal place of business in Costa Mesa, California.

11. Defendant Galeos, Inc. is a corporation organized under the laws of the California, with its principal place of business in Costa Mesa, California. Galeos, LLC and Galeos, Inc. are referred to herein collectively as "Galeos."

12. Defendant Andres Leontieff is a citizen of the state of California, with his primary residence in Newport Beach, California. Leontieff is one of the co-founders of Galeos. Leontieff is a member of Galeos, LLC and a shareholder of

2

1  Galeos, Inc.

2    13.    Defendant Gordana Samardzic is a citizen of the state of California,

3  with her primary residence in Newport Beach, California.  Samardzic is one of the

4  co-founders of Galeos.  Samardzic is a member of Galeos, LLC and a shareholder of

5  Galeos, Inc.

6    14.    At all relevant times, Defendants manufactured, advertised and sold a

7  line of salad dressings in California and throughout the United States, through

8  retailers and directly to consumers through their website.

9                              **CLASS ACTION ALLEGATIONS**

10    15.    This action is brought under Fed. R. Civ. P. 23, on behalf of a class

11  defined as follows (the "Class"):

12              All persons in the United States who purchased
13              Galeos Salad Dressings at any time up until the date
                of trial.  Excluded are Defendants and their officers,
14              directors, legal representatives, heirs, successors, and
15              assigns, and any judges assigned to this action and
                their immediate families.
16

17    16.    The Class comprises at least thousands of persons geographically

18  dispersed throughout California and the United States.  Defendants' records, and

19  those of Defendants' affiliates, are able to determine the precise number of class

20  members.

21    17.    There are common questions of law or fact, which predominate over

22  any individual questions, including:

23

24              a.    Whether Galeos Salad Dressings contain nutritional values
25                    that are materially different from those that Defendants
                      published on the products' packaging labels,
26                    advertisements and website;

27              b.    Whether Defendants' mislabeling of such nutritional values
28                    violates Cal. Bus. & Prof. Code § 17200;

3

COMPLAINT

c.   Whether Defendants' mislabeling of such nutritional values violates Cal. Bus. & Prof. Code § 17500;

d.   Whether Defendants have breached express warranties concerning the nutritional values of Galeos Salad Dressings;

e.   Whether Defendants are liable for negligent misrepresentation concerning the nutritional values of Galeos Salad Dressings;

f.   Whether Plaintiff and the Class are entitled to damages as a result of Defendants' conduct, and the methodology to determine such damages.

18.   Plaintiff's claims are typical of those of the Class, and there are no defenses available to Defendants that are unique to Plaintiff. Defendants' false labeling conduct has affected Plaintiff and the Class in exactly the same way.

19.   Plaintiff is adequate to represent the interests of the Class, as she has no interests that are antagonistic to those of the Class she seeks to represent. Moreover, Plaintiff's counsel are highly experienced and capable class action attorneys, who have successful experience with false labeling class litigation.

20.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all of the class members is impracticable. Even if Plaintiff and the other class members could afford individual litigation, the courts could not. The amount at stake for each class member is such that individual litigation or arbitration would be inefficient and cost prohibitive. Additionally, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudications of the claims asserted herein. There will be no difficulty in the management of this action as a class action.

4

21.     Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

## FACTUAL ALLEGATIONS

22.     Defendants manufacture, market and sell Galeos Salad Dressings. They target their food products to weight and health conscious consumers by touting their salad dressings as low in fat and low in calories.

23.     Galeos Salad Dressings are advertised on the television program "The Biggest Loser," a reality show in which a panel of obese contestants vie to lose the most amount of weight during the program's season. In addition to television advertising, Defendants maintain a website that also touts the purported health benefits of Galeos Salad Dressings, and which contains the nutritional values that are contained on the labels of the salad dressings.

24.     By any standard, Galeos Salad Dressings are neither low in fat nor low in calories. To the contrary, Defendants have embarked on a false and misleading marketing campaign, preying on a highly vulnerable class of weight and health sensitive consumers, by publishing nutritional values -- such as calories, fat content and sodium -- that are far lower than they really are.

25.     Defendants' nutritional value label of their Miso Caesar Dressing, for example, states that the dressing contains 14 calories, 1 gram of fat, and 56 milligrams of sodium per tablespoon. The true values are 60 calories, 5.5 grams of fat and 195 mgs of sodium per tablespoon. Such values, therefore, are understated by 430% for calories, 550% for fat grams, and 350% for sodium content.

26.     Defendants' labeling is materially false and deceptive in another manner as well. Defendants identify the serving size of Galeos Salad Dressings as one tablespoon. Pursuant to the Nutrition Labeling and Education Act of 1990, P.L.

101-535, however, the Food and Drug Administration has promulgated regulations mandating that the serving size of salad dressings be labeled as two tablespoons. 21 C.F.R. §§ 101.9, 101.12.  This means that Defendants' Miso Caesar Dressing actually contains 120 calories, 11 grams of fat, and 390 mgs of sodium per true serving.  Put another way, this salad dressing, per true serving size, is actually 860% higher in calories, 1,100% higher in fat grams, and 700% higher in sodium content than Defendants' labeling and advertising represents.

27.    Defendants' false labeling and false advertising allowed them to charge higher prices for Galeos Salad Dressings, and substantially increased sales of those salad dressings.

28.    Defendants' false labeling and false advertising caused their customers to (a) purchase salad dressings they would not have purchased if the food products were accurately labeled and promoted; and/or (b) pay higher prices for the salad dressings than they would have if the food products were accurately labeled and promoted.

29.    Further, those members of the Class who purchased Galeos Salad Dressings online incurred additional damages in the form of the shipping fees.

## COUNT I

## VIOLATIONS OF CALIFORNIA UNFAIR COMPETITION LAW
## CAL. BUS. & PROF. CODE § 17200.

30.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

31.    California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq., protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

32.    The UCL prohibits any unlawful, unfair or fraudulent business act or practice. The acts and practices engaged in by Defendants, and described herein, constitute unfair, unlawful, and/or fraudulent business practices in that:

COMPLAINT

1  (a) Defendants' false and misleading labeling and marketing alleged herein

2  constitute violations of law (specifically, 21 C.F.R. §§ 101.9, 101.12); (b) the

3  justification for Defendants' conduct is outweighed by the gravity of the

4  consequences to Plaintiff and the Class; (c) Defendants' conduct is immoral,

5  unethical, oppressive, unscrupulous or substantially injurious to Plaintiff and the

6  Class; and/or (d) Defendants' conduct constitutes fraudulent, untrue or misleading

7  statements in that such conduct has a tendency to deceive a reasonable person,

8  including Plaintiff and the other members of the Class.

9       33.    Plaintiff has suffered injury in fact and has lost money or property as a

10  result of Defendants' conduct, as alleged herein

11

12      34.    Defendants fall within the definition of a "person" as contemplated by

13  the UCL § 17200.

14      35.    Defendants unfairly, fraudulently, and/or deceptively caused Plaintiff

15  and the Class to purchase Galeos Salad Dressings in violation of Section 17200 of

16  the UCL.

17      36.    Defendants violated the fraudulent prong of the UCL by intentionally

18  misrepresenting the nutritional values of Galeos Salad Dressings, as alleged herein.

19  Defendants used those misrepresentations to induce their customers to purchase and

20  consume their salad dressings.

21      37.    Pursuant to Section 17203 of the UCL, Plaintiff and the Class are

22  therefore entitled to equitable relief, including: restitution of all monies paid to

23  Defendants as a result of their misconduct; a permanent injunction enjoining

24  Defendants from their unlawful, unfair, and/or fraudulent business activities as

25  alleged herein and requiring Defendants to implement adequate measures to correct

26  the false and misleading labeling on Galeos Salad Dressings; and appropriate

27  declaratory relief.

28  ///

**COUNT II**

**VIOLATIONS OF CALIFORNIA FALSE ADVERTISING LAW**

**CAL. BUS. & PROF. CODE § 17500**

38.　Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39.　Defendants' conduct alleged herein violates Section 17500 of the UCL.

40.　Defendants' false advertising with respect Galeos Salad Dressings was designed to, and did, mislead and deceive Plaintiff and the Class into purchasing and/or paying premium prices for such salad dressings.

41.　Defendants' false advertising as alleged herein caused damages to Plaintiff and the Class.

**COUNT III**

**Breach of Express Warranty**

42.　Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43.　The nutritional value labeling affixed to Defendants' Galeos Salad Dressings, and the misrepresentations Defendants made about the nutritional value of Galeos Salad Dressings constitute express warranties that such salad dressings actually contained the stated calories, fat content and sodium levels.

44.　The nutritional values of food products such as Galeos Salad Dressings, which are sold to weight and health sensitive consumers, are integral components of the bases of the bargain, which creates an express warranty that Galeos Salad Dressings are in fact "low calorie, low fat" food products with accurate nutritional value labeling.

45.　As alleged herein, Defendants' have breached their express warranties to Plaintiff and the Class.

46.　Plaintiff and the Class have been damaged thereby.

/ / /

8

COMPLAINT

## COUNT IV

### Negligent Misrepresentation

47.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

48.    Defendants owe their customers a duty to provide accurate information concerning the nutritional value of their salad dressings.

49.    In breach of such duty, Defendants negligently (at bottom) materially mislabeled their salad dressings' nutritional values, as alleged herein.

50.    Defendants' negligence caused Plaintiff and the Class to purchase food products they would not have purchased, and/or pay a premium price for such food products.

51.    Plaintiff and the Class were damaged thereby.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief for herself and for the Class:

        a.    An Order certifying the Class and appointing Plaintiff as the Class representative and appointing her counsel as counsel for the class representative and the Class;

        b.    An injunction requiring Defendants to publish corrective nutritional values concerning Galeos Salad Dressings, and to hereafter publish accurate nutritional values;

        c.    An Order granting class wide relief in the form of compensatory and all other monetary damages available, including restitution, pre- and post-judgment interest, and punitive damages;

        d.    An Order awarding reasonable attorneys' fees and costs; and

9

1    e.    Any further relief that the Court finds appropriate under the

2          circumstances.

3                          **JURY DEMAND**

4    Plaintiff demands a trial jury on all issues triable under applicable law.

5    Dated:  February 8, 2011               Respectfully submitted,

6                                           KIESEL BOUCHER LARSON LLP

7

8                                    By:    _____

9                                           Paul R. Kiesel, Esq.
                                            Steven D. Archer, Esq.
10

11                                          Of Counsel:

12                                          Michael J. Boni
13                                          **BONI & ZACK LLC**
                                            15 St. Asaphs Road
14                                          Bala Cynwyd, PA  19004
                                            Telephone:  (610) 822-0201
15                                          Facsimile:  (610) 822-0206
                                            E-mail:  MBoni@bonizack.com
16

17

18                                          Simon Bahne Paris
                                            Patrick Howard
19                                          **SALTZ, MONGELUZZI, BARRETT**
                                            **& BENDESKY, P. C.**
20                                          One Liberty Place, 52nd Floor
21                                          1650 Market Street
                                            Philadelphia, PA 19103
22                                          Tel (215) 575-3986
                                            Fax (215) 575-3894
23                                          E-mail: sparis@smbb.com
                                            E-mail: phoward@smbb.com
24

25

26

27

28

                                   10
                              COMPLAINT

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>Frances Healey, individually and on behalf of all others similarly situated | DEFENDANTS<br>Galeos, LLC, Galeos, Inc., Andres Leontieff and Gordana Semardzic |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same )<br>Paul R. Kiesel, Esq. and Steven D. Archer, Esq<br>KIESEL BOUCHER LARSON LLP<br>8648 Wilshire Blvd., Beverly Hills, CA 90211, Tel : (310) 854-4444 | Attorneys (If Known) |

| II. BASIS OF JURISDICTION (Place an X in one box only.) | | III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only<br>(Place an X in one box for plaintiff and one for defendant.) | | | | |
|---|---|---|---|---|---|---|
| | | | PTF | DEF | | PTF DEF |
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 ☑ 4 |
| ☐ 2 U.S. Government Defendant | ☑ 4 Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 ☐ 5 |
| | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 ☐ 6 |

IV. ORIGIN (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

V. REQUESTED IN COMPLAINT:   JURY DEMAND: ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☑ Yes  ☐ No.     ☑ MONEY DEMANDED IN COMPLAINT: $ In excess of $5,000,000.00

VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
CLASS ACTION FAIRNESS ACT, 28 U.S.C. §1332(d)(2)(A) and FRCP Rule 23

VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☑ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty<br>☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

SACV11-00240

FOR OFFICE USE ONLY:   Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☒No ☐ Yes
If yes, list case number(s) _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☐ No ☒Yes
If yes, list case number(s) SACV11-0014 CJC (RNBx); 8:10-cv-01815 JVS (FFMx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☒A. Arise from the same or closely related transactions, happenings, or events; or
☒B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | New Mexico |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, California |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District.* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, California |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER) _____ for : Paul R. Kiesel  Date February 8, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV11- 240 DOC  (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
| --- | --- | --- |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:Paul R. Kiesel, Esq.
E-mail: kiesel@kbla.com
KIESEL BOUCHER LARSON LLP
8648 Wilshire Blvd., Beverly Hills, CA 90211
Tel.: (310) 854-4444
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Frances Healey, individually and on behalf of all others similarly situated,

PLAINTIFF(S)

v.

Galeos, LLC, Galeos, Inc., Andres Leontieff and Gordana Samardzic,

DEFENDANT(S).

CASE NUMBER

SACV11-00240 DOC (RNBx)

SUMMONS

TO:   DEFENDANT(S): Galeos, LLC, Galeos, Inc., Andres Leontieff and Gordana Samardzic

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  Paul R. Kiesel _____, whose address is KIESEL BOUCHER LARSON LLP, 8648 Wilshire Blvd., Beverly Hills, CA 90211 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

FEB - 9 2011

Dated: _____

Clerk, U.S. District Court

JULIE PRADO   SEAL

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                         **SUMMONS**